STATE OF MAINE

KENNEBEC, ss.

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. AP-02-03

~~SKC - ~~ Kec / - ~~ 8/19/2002~~

McQUADE STORM,

Petitioner

v.

STATE OF MAINE, DEPARTMENT
OF BEHAVIORAL AND
DEVELOPMENTAL SERVICES,

Respondent

DECISION AND ORDER
ON APPEAL

DONALD L. GARBRECHT
LAW LIBRARY

SEP 4 2002

This matter comes before the court on the petition of McQuade Storm seeking appellate review of a decision of the Commissioner of the Maine Department of Behavioral and Developmental Services (DBDS) pursuant to M.R.Civ. P. 80C. Since the Commissioner's final agency decision leaves unanswered too many procedural and legal issues, the matter will be remanded for further consideration.

## Background

The petitioner is a 32 year-old man who suffers from a panoply of physical and mental challenges. He has lower leg orthopedic problems, walks with a cane, has a degenerative disk disease and, of special importance for this appeal, has been diagnosed with schizophrenia, post-traumatic stress disorder, and bi-polar disorder. He is also a class member of the Augusta Mental Health Institute Consent Degree agreed to under *Bates v. Duby*, Kennebec County Docket No. CV-89-88.

The petitioner would like to obtain a trained service dog to assist him in his

1

daily activities. He requested assistance from DBDS in obtaining, or at least training and keeping a dog, but his request was denied. Characterizing this denial as a denial of rights under the "Rights of Recipients of Mental Health Services" ("RRMHS"),[1] the petitioner sought and was denied relief at the Level I, II, and III of the grievance process.

## Procedural History

As noted above, this matter has come before the court as an appeal under M.R. Civ. P. 80C, following a three level grievance procedure in DBDS. However, the procedural history is a little more convoluted than that. In response to the petitioner's Level I grievance, Regional Director Holly Stover held:

> I have reviewed your request and find that you do not have a medical need for a therapy or service dog. I base that finding on an opinion from the Regional Medical Director, Dr. James Fine, who had previously examined your request and determined that it does not meet a medical need.

(Certified Record (C.R.), p. 26). The Level II grievance procedure consisted of a review of a variety of documents including documents from a variety of the petitioner's medical providers submitted by him and correspondence submitted by DBDS. The Level II "Report of Findings" (C.R., pp. 31-34) set forth a comprehensive

---

[1] The petitioner's primary argument as to why DBDS should fund a service dog lies in the RRMHS(A)(III)(H)(4); "H. Recipients with long term mental illnesses have the following additional rights, to the extent that state and community resources are available: . . . (4) The right to a comprehensive array of services to meet the recipient's needs." However, the RRMHS are rules promulgated by the Department to help ensure that mental health service recipients suffer no loss of basic human or civil rights, rather than the right to specific services. At no point during the proceedings has it been argued or discussed how these rules of general applicability, adopted by an executive agency and carrying no funding, can be interpreted as authorizing an entitlement program for individual mental health services. Perhaps this issue has been previously resolved by agency interpretation which is known to the parties but not to the court.

2

review of the information that had been presented and concluded that denial of funding for the service dog was not a violation of the petitioner's rights.

When the petitioner took his grievance to Level III, the Commissioner requested that an Administrative Hearing Officer from the Department of Labor conduct the grievance hearing pursuant to an interdepartmental Memorandum of Understanding. (C.R., p. 25). When the time came for hearing, the petitioner and his attorney appeared, but no one appeared for the Department. (C.R., p. 11). After some discussion of the awkwardness caused by the Department's absence, the Hearing Officer proceeded by allowing the petitioner to place in evidence all his documentation, but excluded the record from Level II, including the correspondence which formed the basis for the Level II denial. (C.R., p. 13). In his decision, the Hearing Officer noted "the Department did not attend the hearing. There is neither evidence or (sic) argument on the record to controvert the grievance evidence and argument." (C.R., p. 8). The Hearing Officer then recommended a finding that the Department violated the petitioner's rights "by failing to provide a comprehensive arrays of services to meet the recipient's needs." (C.R., p. 8).

The Commissioner rejected the recommended decision from the Hearing Officer and essentially returned to the Level II decision that provision of a service dog in the petitioner's case does not constitute a service within the meaning of the RRMHS. (C.R., p. 4). In doing so, the court noted that the Hearing Officer marked but did not admit the Level I and II decisions into the Hearing Record and did not mark or admit the information gathered at the Level I and II hearing. However,

3

there is no indication from her decision as to whether she considered this information in arriving at her own decision.

## Discussion

Although the Commissioner's Final Decision dated December 17, 2001, appears succinct and clearly worded, the procedural history leaves several questions in the court's mind. These questions are: (1) Whether any violation of the general rules set forth in RRMHS may legally lead to what is in effect an administrative award of damages through an order requiring provision of a service dog? (See footnote 1). Stated differently, is the Department's denial of the request for funding a loss of the petitioner's basic rights or simply the loss of financial assistance in the privilege of owning a dog. (2) If the petitioner is not entitled to financing for a service dog pursuant to the RRMHS, is he entitled to that financing as a member of the class that is party to the Consent Decree? The issue was raised during the Hearing Officer's hearing, but was never addressed further. (3) Was the Commissioner allowed to consider the decisions and information collected during the Level I and II grievance procedure and, if so, did she do so in arriving at her decision? Neither of the answers is clear from the Commissioner's final decision.

In light of the foregoing, the court will remand this matter to the Commissioner of the Department of Behavioral and Developmental Services for further proceedings consistent with this decision. The Commissioner may conduct any further hearings and solicit any further information necessary to accomplish this purpose.

4

The entry will be:

      REMANDED to the Commissioner of the Maine Department of Behavioral and Developmental Services for further proceedings.

Dated: August 19, 2002

S. Kirk Studstrup
Justice, Superior Court

Date Filed __1/17/02__ __Kennebec__ Docket No. __AP02-03__
County

Action __Petition for Review__
80C

# J. STUDSTRUP

McQuaide Storm                                    vs.    Dept. of Behavioral & Development Service

| Plaintiff's Attorney | Defendant's Attorney |
|---|---|
| Mark C. Joyce, Esq.<br>24 Stone Street<br>P.O. Box 2007<br>Augusta, Maine 04338 | Katherine Greason AAG<br>State House Sta 6<br>Augusta Maine 04333 |

| Date of Entry | |
|---|---|
| 1/18/02 | Petition for Review of Final Agency Action (M.R.Civ.P.80C; 5M.R.S.A. 11001 et seq.), filed. s/Joyce, Esq. (filed 1/17/02)(attached ex. 1,2,3)<br>Certificate of Service, filed. s/Joyce, Esq.<br>Application of Plaintiff to Proceed Without Payment of Fees, filed. s/McQuaide Storm<br>Petitioner's Affidavit in Support of Application for Leave to Proceed in Forma pauperis M.R.Civ.P.91, filed. s/McQuaide Storm |
| 1/23/02 | ORDER ON APPLICATION TO PROCEED WITHOUT FEES, Studstrup, J.<br>The filing fee is waived.<br>Copy mailed to atty of record. |
| 2/15/02 | Certified Administrative Record, filed. s/Greason, AAG |
| -------- | Briefing schedule mailed to attys of record. |
| 3/28/02 | Brief of Petitioner, filed. s/Joyce, Esq. (filed 3/27/02) |
| 4/8/02 | Deletion and Addition to Certified Agency Record M.R.Civ.P. 80C (f), filed.s /Joyce, Esq. s/Greason, AAG |
| 4/19/02 | Respondent's Brief, filed. s/Greason, AAG |
| | Notice of setting for __6/26/02.__<br>sent to attorneys of record. |
| 6/26/02 | Hearing had on oral arguments with Hon. Justice Kirk Studstrup, presiding.<br>No courtroom clerk.<br>Mark Joyce, Esq. for the Plaintiff and Katherine Greason, AAG for the State.<br>Oral arguments made to the court.<br>Court to take matter under advisement. |
| 8/19/02 | DECISION AND ORDER ON APPEAL, Studstrup, J. (dated 8/19/02)<br>REMANDED to the Commissioner of the Maine Department of Behavorial and Developmental Services for further proceedings.<br>Copies mailed to attys of record.<br>Copies mailed to Deborah Firestone, Garbrecht Library and Goss.<br>Notice of removal of record mailed to attys. |